OPINION & ORDER
PER CURIAM.
Facts
This matter is before the Court of Appeals on the appeal of Homer B. Cook from the Findings of Fact and Conclusions of Law entered by the Cheyenne River Sioux Tribal Court on March 12, 1998 regarding the child support. Plaintiff, Homer B. Cook, the Appellant here, represented himself without legal counsel and filed a brief in this appeal. No appearance or brief was filed for Respondent Gloria Red Bear. No party requested oral argument and, accordingly, the matter was heard on the papers submitted to the Court of Appeals.
The parties were divorced in the Tribal Court on February 6, 1986. They were awarded joint custody of their son Homer II at that time.
Previously, on January 20, 1989, Appellant had been ordered to pay child support in the amount of $100.00 per month for Homer II. A later order dated October 26, 1992 required the Appellant to pay $175.00, a sum that included his arrearage to that date plus the $100.00 per month already ordered.
On November 24,1997, Appellant sought an adjustment from the Tribal Court of his arrearage going back to 1989. Since Cheyenne River Sioux Tribe Children’s
*63 Code § 13.10 prevents the modification of any amount of child support more than three years prior to the date the petition was filed, the Tribal Court declined to review the record prior to 1994. It held that the Petition to review the child support was not timely and waived any claims prior to that date.
The Tribal Court found that the Respondent provides for the basic needs of Homer II while he attended boarding school at Flandreau, South Dakota. It further found that Appellant supplied his son’s needs during the summer vacation months when the child was physically resident with him. Accordingly, the Tribal Court credited him with $50 per month of support for the three summer months of 1995, 1996, and 1997 for a total of $350. It additionally modified the decree to cause the Appellant’s child support obligation to cease during any summer vacation month that the child resides with him. Except as modified the Tribal Court left the Appellant’s prior support obligation remained in place.
On appeal, the Appellant seeks both sole custody of the child and an order crediting him with full child support for the years 1995-98.
Analysis
Insofar as the Appellant’s brief presents claims seeking an award of sole custody of Homer II, such claims do not appear to have been first presented to or ruled upon by the Tribal Court. His claims over the award of custody therefore are not properly before this Court in this appeal of the Tribal Court’s order of March 12, 1998. Since most of his brief addresses such questions, the concerns raised therein regarding the suitability and desire of the Respondent to parent Homer II are not properly before this Court and will not be addressed. Should Appellant believe he has grounds to modify the Tribal Court’s joint custody order for Homer II ordered by the Tribal Court, he must first present a proper petition to modify custody to the Tribal Court. Until he does so and that court rules on the issue, however, the custody question is not properly before this Court.
Neither the Appellant and Respondent were represented by counsel in this proceeding. The Appellant filed his papers pro se. This Court historically has been and continues to be highly respectful of the ability and right of parties to appear before this Court without legal counsel and to represent themselves. It permits some flexibility, for example, in the rigor of its enforcement of court rules to facilitate the presentation of cases by non-lawyer parties who are representing themselves. For example, the Appellant’s briefs in this matter did not fully comply with the normal format or the court rules and, nevertheless, his filings were fully considered by the Court without drawing any adverse inference from their format. Likewise, the Clerk of Court frequently is of assistance to parties in indicating the applicable rules of court or the normal course of proceeding. Nevertheless, while desiring to facilitate and fully hear parties who represent themselves, this Court must require all parties to comply with the basic ground rules and framework for presentation of appellate cases, such as requiring an appealing party to first present all claims to the trial court, to file a timely notice of appeal, or to supply the Court with a record and brief that demonstrates a legal error made by the court below that constitutes reversible error. This Court cannot do that work for the parties, although it will go out of its way to entertain claims raised in unconventional formats so long as they comply with the basie ground rules for presentation of appeals. Here the Ap *64 pellant failed to present some of his claims in the trial court below and has not presented through his filings any grounds for this Court finding reversible error.
Insofar as the Appellant challenges the child support aspects of the March 12, 1998, he simply claims that “I had proved to the court that I paid for child support [w]hen [Homer II] was living with me physically and that I should have been given credit for those full years [1995, 1996, 1997 and 1998]”.
The Appellant’s brief does not contest the Tribal Court’s finding that Homer II was in boarding school in Flandreau except during the academic year or nor does he contest its finding that the child physically lived with the Appellant only during the three summer vacation months. The brief also presents nothing to indicate that the Tribal Court’s finding was incorrect when it indicated that Respondent provided for Homer II’s basic needs while he was at boarding school or that Respondent made visits to Homer II on a regular basis and was responsible for communication with the school regarding Homer II’s academic progress. He merely indicates that he provided support for Homer II when he “physically” lived with the Respondent, which, according to the findings of the Tribal Court, was only during the summer months. He therefore is not entitled to credit for a full year of child support when, by Ms own admission, he provided for Homer IPs needs only when he was physically living with him.
The party appealing an order has the burden of demonstrating a legal or factual error committed by the Tribal Court requiring its reversal. Here, the Appellant presented no grounds to this Court to disturb the Tribal Court’s ruling crediting him with support only for the summer months and ordering that his support obligation cease during any period that Homer II lived with him for summer vacation. He therefore has shown no reversible error.
Accordingly, the Findings of Fact and Conclusions of Law entered by the Cheyenne River Sioux Tribal Court on March 12, 1998 must be and hereby are affirmed.
Ho hecetu yelo.
IT IS SO ORDERED.